### R. P. GOWHENOUR v. THE STATE.

*No. 918.    Decided October 17.*

**Unlawfully Pulling Down Fence—Fact Case.**—See facts stated in the opinion, which are *held* insufficient to support a conviction for unlawfully pulling down and injuring the fence of another.

APPEAL from the District Court of Mills. Tried below before Hon. W. A. BLACKBURNE.

Appellant was convicted under an indictment charging him with unlawfully pulling down, breaking, and injuring the fence of M. E. Spears, and his punishment was assessed at a fine of $10.

The opinion states the case.

*Burleson & Meek*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of pulling down the fence of Mrs. Spears, without her consent, etc. The evidence discloses that the fence was erected by Mrs. Spears across a road which had been laid out by the Commissioners Court as a public road; that it had been worked and travelled as a public road since 1889; that overseers had been appointed and hands apportioned each year thereafter for the purpose of working and keeping it in repair; that appellant was a hand thus apportioned, and had also acted as overseer in working said road; and that he removed the fence from across the road. It also appears that Mrs. Spears had not been paid any damages for thus appropriating her land for such purpose, nor is it shown that she ever asked for or claimed such damages or compensation. That she was entitled to such compensation is not an issue in this case. She had her remedy by civil proceedings in regard to this matter. We think the road, under the testimony, was a public road, and the defendant had the right to remove the obstruction, and was not guilty under the statute. Mrs. Spears had no authority or right, under the facts, to obstruct the road.

The evidence does not support the conviction.

*Reversed and remanded.*

Judges all present and concurring.